DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Tabitha S. ("Mother"), appeals from a judgment of the Wayne County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her two minor children and placed them in the permanent custody of Wayne County Children Services Board ("CSB"). We reverse and remand for the trial court to hold a new permanent custody hearing.
 {¶ 2} Mother is the natural mother of C.S. and J.S., both minor children. The father of both children voluntarily relinquished his parental rights and is not a party to this appeal. On May 14, 2002, the children were removed from the home because both parents had been taken into police custody following an incident of domestic violence that occurred while the children were not at the home. CSB later moved for permanent custody and a hearing on the motion commenced on February 25, 2004. The proceedings were recorded by audiotape.
 {¶ 3} Following the hearing, the trial court granted CSB's permanent custody motion and terminated parental rights. Mother and father both appealed. Upon a review of the record, this Court discovered that the transcript of proceedings was "grossly inadequate," apparently because the audiotape recording was too poor to be understood by the court reporter. The transcript was so full of "inaudible" portions that it was useless for purposes of appellate review.
 {¶ 4} While that appeal was pending, this Court invoked its authority under App.R. 9(E) and ordered Appellants to "correct the `inaudible' portions of the transcript pursuant to App.R. 9(C) or App.R. 9(D)." In response, Appellants asserted that they could not recall what was missing from most of the thousands of spots at which the transcript was marked "inaudible" and this Court accepted Appellants' representation that they could not fill in the huge number of gaps in the transcription. Consequently, on November 17, 2005, following the reasoning of the Ohio Supreme Court based on almost identical facts in In reB.E., 102 Ohio St.3d 388, 2004-Ohio-3361, at ¶ 12 and 16, this Court reversed and remanded to the trial court "for a new hearing." In re C.S., 9th Dist. Nos. 04CA0044 04CA0045,2004-Ohio-6078, at ¶ 1 and 16.
 {¶ 5} On remand, in response to a motion filed by CSB and over Mother's repeated objections, the trial court decided not to hold a new hearing but instead ordered a different court reporter to transcribe the audiotape recording of the February 2004 hearing. Once the transcription was complete, the trial court reviewed the transcript and issued a new order on October 21, 2005, again granting CSB's motion and placing C.S. and J.S. in the permanent custody of CSB. Mother appeals and raises three assignments of error.
 Assignment of Error Number One
"THE COURT'S DECISION BELOW WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE AS APPELLEE HAS FAILED TO PROVE [ITS] CASE BY CLEAR AND CONVINCING EVIDENCE AND GRANTING THE MOTION FOR PERMANENT CUSTODY CONSTITUTED AN ABUSE OF DISCRETION."
 Assignment of Error Number Two
"THE TESTIMONY AND REPORT OF DR. MARIANNE BOWDEN SHOULD HAVE BEEN EXCLUDED FROM ADMISSION INTO EVIDENCE AT TRIAL BASED UPON HER FAILURE TO DISCLOSE THE RESULTS OF THE WRITTEN TESTS AND SURVEYS ON WHICH SHE BASED HER OPINION AND INTERFERED WITH HER RIGHT TO CROSS-EXAMINE THE WITNESS EFFECTIVELY."
 Assignment of Error Number Three
"THE GUARDIAN AD LITEM'S REPORT SHOULD HAVE BEEN EXCLUDED BASED UPON HER FAILURE TO DETERMINE THE WISHES OF THE CHILDREN IN MAKING HER RECOMMENDATION AS TO THEIR BEST INTEREST[S]."
 {¶ 6} As this Court began reviewing the record, again attempting to address the merits of Mother's assignments of error, it discovered that the transcript of proceedings is once again deficient. The transcript is missing the entire testimony of one key witness as well as part of Mother's testimony; it again includes numerous "inaudible" spots; and it includes several points in the testimony that do not make sense when read in context and, for that reason, do not appear to be accurate transcriptions of the testimony of those witnesses.
 {¶ 7} Moreover, this Court cannot ignore the fact that the trial court disregarded the mandate of this Court and thus acted outside of its authority on remand. Instead of following the instructions of this Court on remand to hold a new permanent custody hearing, the trial court ordered a different court reporter to attempt to transcribe the audiotape recording of the prior hearing. Once the new transcript was prepared, the trial judge reviewed the transcript of the hearing over which he had presided more than a year earlier, and essentially reconsidered his prior decision. The trial court issued a new opinion, again placing C.S. and J.S. in the permanent custody of CSB.
 {¶ 8} The trial court did not have discretion to ignore the mandate of this Court to hold a new permanent custody hearing. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." (Citations omitted.) Nolan v.Nolan (1984), 11 Ohio St.3d 1, syllabus.
 {¶ 9} In the first appeal of this case, this Court held that the trial court must hold a new permanent custody hearing. In reC.S., at ¶ 16. CSB did not appeal that decision to the Ohio Supreme Court but instead filed a motion in the trial court and successfully argued that a new trial was not necessary because a different court reporter could transcribe the audiotape recording of the original hearing. The trial court did not take any new evidence, but essentially reconsidered its prior decision based on a review of what had been transcribed from the original hearing. Although the trial court did have the authority on remand to issue a new permanent custody decision, it had no authority to issue that decision without first holding a new evidentiary hearing. The trial court acted outside of its authority on remand by failing to conduct a new hearing.
 {¶ 10} As the Ohio Supreme Court has explained, the entire constitutional structure of this state's court system is dependent upon inferior courts carrying out the mandates of superior courts:
"The doctrine of law of the case is necessary, not only for consistency of result and the termination of litigation, but also to preserve the structure of the judiciary as set forth in the Constitution of Ohio. Article IV of the Ohio Constitution designates a system of `superior' and `inferior' courts, each possessing a distinct function. The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals." State ex rel. Potain v. Mathews (1979),59 Ohio St.2d 29, 32.
 {¶ 11} Although this Court is reluctant to cause further delay in the lives of these two young children, it cannot conduct a meaningful review of the trial court's decision to terminate Mother's parental rights based on the existing record. The record consists of an inadequate transcript from a permanent custody hearing that was held more than two years ago. Assuming that the trial court was persuaded by the reasoning of CSB's motion on remand, it might have decided to forego holding a new hearing as a time-saving measure. This case was on remand for eleven months, however, which certainly should have been ample time to hold a new permanent custody hearing and issue a new decision. This matter likely would have been resolved by now if the trial court had carried out the original mandate of this Court.
 {¶ 12} The assignments of error will not be addressed. Because the trial court failed to follow the mandate from this Court to hold a new permanent custody hearing, this case is reversed and remanded for a new hearing.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Slaby, P.J. Carr, J. concur.