OPINION
{¶ 1} Plaintiffs-appellants, Michelle and Derik Overly, Sr., appeal from a Columbiana County Common Pleas Court judgment granting summary judgment on their wrongful death case in favor of defendant-appellee, the Village of New Waterford.
 {¶ 2} On June 22, 2003, 14-year-old Derik Overly, Jr. was riding his bicycle in New Waterford, Ohio on Silliman Street. There were no witnesses as to what occurred, but somehow, Derik ended up unconscious in the creek below the Silliman Street Bridge and died as a result. Appellants' theory of Derik's accident is as follows. As Derik approached the bridge, his bicycle ran into gravel on the approach. Derik and his bicycle slid on the gravel and fell through an opening between the asphalt and the guardrail into the creek ten feet below. He then hit his head on a rock, lost consciousness, and drowned.
 {¶ 3} Appellants, together as Derik's parents, and Mr. Overly as the administrator of Derik's estate, filed a complaint against appellee, Columbiana County, and the Columbiana County Engineer, asserting a wrongful death claim. The complaint alleged that due to the disrepair and poor conditions of the roadway and bridge, Derik's bicycle slid from the road and off the bridge. It further alleged that due to the negligent, reckless, and willful intentional disrepair of the bridge and the failure to have a guardrail extending the entire length of the bridge, Derik was able to fall from the bridge to rocks and creek below.
 {¶ 4} The trial court granted Columbiana County's and the Columbiana County Engineer's motion for summary judgment without opposition from appellant since they learned that those parties had no ownership, control, or responsibility for the maintenance of the bridge. Thus, this appeal deals only with appellants' claim against appellee.
 {¶ 5} Appellee also filed a summary judgment motion. It asserted that appellants failed to produce evidence to support their cause of action and it also claimed governmental immunity. The trial court granted appellee's motion. It concluded that appellants were not able to establish a probable explanation for Derik's death to create a genuine issue of material fact. The court also determined that appellants provided no evidence to dispute appellee's claim of immunity. Thus, the court dismissed the complaint. Appellants filed a timely notice of appeal on March 11, 2005.
 {¶ 6} Appellants raise two assignments of error that share a common basis in law and fact. Thus, we will address both assignments of error together. They state:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT WEIGHED THE EVIDENCE BEFORE IT AND JUDGED THE CREDIBILITY OF THE TESTIMONY WHEN IT GRANTED THE SUMMARY JUDGMENT MOTION FILED BY APPELLEE, VILLAGE OF NEW WATERFORD."
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT HELD THE NONMOVING PLAINTIFFS/APPELLANTS TO THE BURDEN OF PROVING THEIR CASE BY A PREPONDERANCE OF THE EVIDENCE AT THE SUMMARY JUDGMENT STAGE WHERE THE BURDEN WAS ONLY TO SHOW THAT A GENUINE ISSUE OF MATERIAL FACT EXISTED."
 {¶ 9} Appellants argue that the trial court improperly weighed the evidence and judged the witnesses' credibility instead of looking for a genuine issue of material fact. Specifically, they assert that the court weighed Sergeant C.D. Weingart's deposition testimony. They claim that Weingart's testimony, and that of other deposed witnesses, created a genuine issue of material fact regarding the proximate cause of Derik's death.
 {¶ 10} In his police report, Weingart theorized that Derik may have lost control of his bike and fell through the opening in the bridge. He based this theory on the opening in the bridge, which he stated he had not noticed before. He also stated that after the accident, he contacted the village administrator to advise him of the accident. However, at his deposition, Weingart stated that he did not believe the theory he put forth in his police report.
 {¶ 11} Appellants claim that the fact that Weingart's theory was significant enough to write down and take action upon was enough to create a genuine issue of material fact as to how the accident occurred. Whether the theory was probable, they contend, was a question for a jury to decide. Appellants assert that the fact that Weingart's deposition testimony conflicted with his police report was enough to bring this case before a jury.
 {¶ 12} Appellants also point to village administrator Fred Fink's deposition testimony. Specifically, they note Fink stated that after Derik's body was found, he went to the bridge opening and put a large orange barrel at the scene. He also stated that prior to this accident, he wanted to fix the bridge but never took any steps to do so.
 {¶ 13} Appellants further argue that the court ignored the other depositions and relied solely on Weingart's and Deputy Willie Coleman's depositions.
 {¶ 14} Next, appellants argue that not only did the trial court ignore evidence regarding the proximate cause of Derik's death, it also ignored evidence regarding appellee's wanton and reckless conduct in leaving the bridge in a state of disrepair.
 {¶ 15} Finally, appellants claim that the court improperly placed the burden on them to prove that their theory of the case was more probable than not. Specifically, they point to the court's statements that no genuine issues of material fact existed because of appellants' "inability to establish at least a probable explanation for the tragedy" or a "probable factual scenario."
 {¶ 16} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. AmericanIndus. Resources Corp. (1998), 128 Ohio App.3d 546, 552,715 N.E.2d 1179. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsonsv. Flemming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995),104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 247-248, 106 S.Ct. 2505,91 L.Ed.2d 202.
 {¶ 17} To prevail on a wrongful death claim, the decedent's personal representative must prove: (1) a wrongful act, neglect, or default of the defendant that proximately caused the death and that would have entitled the decedent to maintain an action and recover damages if death had not ensued; (2) the decedent was survived by a spouse, children, parents, or other next of kin; and (3) the survivors suffered damages by reasons of the wrongful death." Bishop v. Nelson Ledges Quarry Park, Ltd., 11th Dist. No. 2004-P-0008, 2005-Ohio-2656, at ¶ 19, citing McCormac, Wrongful Death in Ohio § 2.02.
 {¶ 18} Here, the trial court granted summary judgment because it found that appellants could not meet the first element since they could not offer any evidence of the proximate cause of Derik's death. Thus, we must examine the evidence to determine whether any facts exist to create a genuine issue of material fact as to whether appellee's conduct proximately caused Derik's death.
 {¶ 19} At his deposition, Weingart read part of his police report, where he wrote: "A single bicycle tire track was discovered near the start of the bridge where there is an opening in the railing of the bridge. A possible theory is that Derik possibly lost control of his bicycle and slid into this opening and fell into the creek." (Weingart dep. 13-14). When questioned about the theory, Weingart stated that it was only a possible
theory. (Weingart dep. 14). Later, he emphasized that although that was a theory of what happened, he did not believe that theory, as it was only one of many. (Weingart dep. 45). However, Weingart stated that as a result of noticing the opening on the side of the bridge, he notified Fred Fink, the village administrator, who then put up a barrel in front of the opening. (Weingart dep. 27, 45).
 {¶ 20} Weingart testified that the reason he did not believe that Derik slid through the bridge opening was because no physical evidence corroborated it. (Weingart dep. 22). He stated that the tire track he found was not in any disarray. (Weingart dep. 22). Additionally, he stated that if Derik had lost control and slid through the opening, scrape marks would have been apparent in the gravel or under the guardrail and the grass would have been bent over. (Weingart dep. 40). However, he could not find any of these signs of someone slipping under the guardrail of the bridge. (Weingart dep. 40). Furthermore, Weingart stated that the opening under the guardrail was not very large. (Weingart dep. 41). The photographs of the opening corroborate this. (Pt. ex. 8-14). Weingart also stated that Derik was a "bigger boy" and that the only way both he and his bike could have fit through the opening was if they slid through, which would have left some sort of physical evidence. (Weingart dep. 41).
 {¶ 21} Weingart also testified that another theory of how Derik ended up in the creek was that he was riding his father's bicycle, which he was unfamiliar with, he rode around the bend quickly, hit the guardrail, and both he and the bicycle flipped over it. (Weingart dep. 32). Finally, Weingart stated that there were many possibilities of how Derik ended up in the creek since there was no conclusive evidence. (Weingart dep. 37-38).
 {¶ 22} Deputy Willie Coleman also investigated the accident scene. His testimony corroborated Weingart's testimony regarding the lack of evidence. Coleman stated that he could not find any damage to the guardrail nor could he find any evidence underneath it. (Coleman dep. 13). He testified that he observed a tire track at the beginning of the bridge. (Coleman dep. 11-12; Pt. ex. 10). Coleman also stated that while he noticed the opening on the side of the bridge, he did not think it was large enough for Derik to have fallen through without leaving some sort of mark. (Coleman dep. 15, 35).
 {¶ 23} Coleman also testified regarding theories of the accident. He stated that he discussed different theories with the detectives. One theory was that Derik could have fallen down the lawn area just past the bridge. (Coleman dep. 16). Another theory was that Derik went over the guardrail. (Coleman dep. 17). However, he could not find any evidence on the guardrail. (Coleman dep. 17). A third theory was the one at issue — that Derik slid through the opening on the side of the bridge. (Coleman dep. 18). But Coleman stated that Derik would have had to hit something going through the opening and would have left skid marks or disturbed the grass or dirt. Since there were no disturbances, he ruled out that theory. (Coleman dep. 18, 25, 38-39).
 {¶ 24} The parties submitted three other depositions. But those individuals deposed did not investigate the accident scene and could not testify as to the proximate cause of Derik's death. Appellants argue, however, that they were nonetheless relevant as to the issue of proximate cause.
 {¶ 25} Fred Fink's was one of the depositions. As previously noted, Fink was the village administrator. He stated that Weingart came to his house to inform him of the accident. (Fink dep. 49). According to Fink, Weingart suggested that he put up a barrel at the scene to mark the location of the accident. (Fink dep. 49-50, 51). By the time Fink went to the bridge to put up a barrel, the scene was completely cleared away. (Fink dep. 50). Fink testified that he put barrels up strictly to mark the location where the accident happened. (Fink dep. 51). The next day, he took them down. (Fink dep. 51).
 {¶ 26} The other two depositions were those of Mayor Nancy Benson and Thomas Hutson, a bridge inspector. Neither of them testified about the proximate cause of Derik's death.
 {¶ 27} Appellants asserted in their complaint that as Derik approached the Silliman Street Bridge on his bicycle and attempted to turn left onto the bridge, due to the poor condition of the roadway and bridge, his bicycle slid from the road and off the bridge to the creek below. They further asserted that due to the negligent, willful, and intentional disrepair of the bridge and the failure to have a guardrail extending the entire length of the bridge, Derik was able to fall from the bridge to the creek. Appellants then alleged that appellee's failure to repair, maintain, or block this area of the bridge was the direct and proximate cause of Derik's fatal injuries.
 {¶ 28} After examining the evidence in the light most favorable to appellants, appellants cannot point to a genuine issue of material fact surrounding the proximate cause of Derik's death. They presented no evidence to substantiate their theory of how his death occurred — that Derik and his bicycle slid through the opening between the guardrail and the bridge. Even though Weingart wrote in his report that it was a possible theory, he testified that he rejected this theory of how the accident occurred. He based his opinion on the lack of any physical evidence whatsoever to support the theory. Coleman also rejected appellants' theory of the accident for the same reason. And Weingart and Coleman both testified that given the size of the opening, if Derik and his bicycle had slid through the opening, they would have left some evidence behind like disturbed grass or scuff marks in the dirt. Additionally, there were no witnesses to the accident. There was no evidence to the contrary.
 {¶ 29} Appellants argue that because Weingart's police report contradicted his deposition testimony, this created a genuine issue of material fact that should have precluded summary judgment. The Ohio Supreme Court has held that a genuine issue of material fact may arise when an "unambiguous statement" in the affidavit of the moving party is controverted by that party's deposition testimony. Turner v. Turner (1993),67 Ohio St.3d 337, 341, 617 N.E.2d 1123. But Weingart never stated in his report that he believed that the accident occurred in the manner appellants allege. He specifically stated: "A possible theory is that Derik possibly lost control of his bicycle and slid into this opening and fell into the creek." (Emphasis added). (Weingart dep. 13-14). Thus, Weingart never concluded that this was how the accident occurred, making his statement somewhat ambiguous. Accordingly, Weingart's police report and deposition testimony do not create a genuine issue of material fact.
 {¶ 30} In sum, no evidence exists to create a genuine issue of material fact surrounding appellants' theory of the proximate cause of Derik's death. Therefore, the trial court properly granted summary judgment in appellee's favor.
 {¶ 31} Appellee also argues that even if appellants were able to establish how Derik's death occurred, summary judgment was still proper because it is statutorily immune from liability. But because the trial court correctly granted summary judgment based on the above reasoning, we need not reach the issue of statutory immunity.
 {¶ 32} Accordingly, appellants' assignments of error are without merit.
 {¶ 33} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.