DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Eileen MacDowell, Executrix of the estate of Mary Maxwell, appeals the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, Anthony J. DeCarlo, and dismissed appellant's complaint. This Court affirms.
 I. {¶ 2} Mary Maxwell died on November 26, 2002. Appellant is the executrix of Ms. Maxwell's estate. Appellee is Ms. Maxwell's ex-husband, *Page 2 
although he and Ms. Maxwell resumed living together some time in the 1980s until Ms. Maxwell's death.
 {¶ 3} On May 27, 2005, appellant filed a pro se complaint against appellee, alleging causes of action for wrongful death and personal injury. The trial court dismissed the complaint without prejudice because it had been filed by a person not licensed to practice law in the state of Ohio. On January 4, 2006, appellant refiled her complaint by and through licensed counsel. Appellee answered, raising the affirmative defense that the action was time-barred by the statute of limitations.
 {¶ 4} Appellee filed a motion for summary judgment. Appellant responded in opposition, and appellee replied. On July 25, 2006, the trial court granted appellee's motion for summary judgment, finding that appellant failed to file her complaint within the applicable statute of limitations. Specifically, the trial court found that appellant knew or should have known through the exercise of due diligence not later than December 2002 of facts which would lead her to suspect that Ms. Maxwell had been injured by appellee's conduct.
 {¶ 5} Appellant appeals, raising six assignments of error. This Court consolidates some assignments of error and rearranges others for ease of review. *Page 3 
 II. ASSIGNMENT OF ERROR VI "AS A MATTER OF LAW, THE DOCTRINE OF ISSUE PRECLUSION AND/OR THE LAW-OF-THE-CASE DOCTRINE PRECLUDES A COURT FROM REOPENING ISSUES DECIDED AT AN EARLIER POINT IN PREVIOUS OR THE SAME LITIGATION UNLESS SUBSTANTIALLY DIFFERENT EVIDENCE IS ADDUCED. THE TRIAL COURT'S CONCLUSION TO THE CONTRARY WAS CLEARLY ERRONEOUS."
 {¶ 6} Appellant argues that the trial court erred by granting summary judgment in favor of appellee on the grounds that the complaint was filed outside the statute of limitations, because it had denied appellee's motion to dismiss on those same grounds in the original action in case number CV 2005-05-3114. Accordingly, appellant argues that the trial court was precluded from granting summary judgment on the bases of issue preclusion and/or law of the case doctrine. This Court disagrees.
 {¶ 7} Issue preclusion is traditionally known as collateral estoppel.Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381. This Court has held:
 "Under Ohio law, the doctrine of res judicata embraces the doctrine of collateral estoppel. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Pursuant to res judicata doctrine, `[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' Id. at syllabus. Accordingly, before res judicata/collateral estoppel can apply one must have a final judgment." Cote v. Eisinger, 9th Dist. No. 05CA0076, 2006-Ohio-4020, at ¶ 8. *Page 4 
 {¶ 8} The trial court's denial of appellee's motion to dismiss pursuant to Civ.R. 12(B)(6) is not itself a final, appealable order, so that appellee could not have appealed from that order upon its issuance.
 {¶ 9} Although neither party has attached a copy of the trial court's dismissal of appellant's original complaint in case number CV 2005-05-3114, there is no dispute that the trial court dismissed the action because it had been filed by a person who was not licensed to practice law in Ohio on behalf of Mary Maxwell's estate. Accordingly, this Court presumes that the dismissal was involuntary and made pursuant to Civ.R. 41(B). Furthermore, the dismissal clearly did not operate as an adjudication upon the merits, because the trial court dismissed the action "without prejudice." The Fifth District Court of Appeals, in a case heard and decided by a panel of judges from this Court, has held:
 "A dismissal pursuant to Civ.R. 41(B), other than pursuant to Civ.R. 41(B)(4),[1] and any dismissal not provided for in Civ.R. 41, `operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.' Civ.R. 41(B)(3). `A dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a judgment or final order when refiling or amending of the complaint is possible.' Hattie v. Garn (Dec. 29, 1999), 9th Dist. No. 98CA007208, citing Central Mut. Ins. Co. v. Bradford-White Co. (1987), 35 Ohio App.3d 26, 28." McIntosh v. Slick, 5th Dist. Nos. 2001CA00268, 2001CA00273, 2002-Ohio-3599, at ¶ 9. *Page 5 
 {¶ 10} In this case, the parties do not dispute that the trial court dismissed the original action without prejudice. Accordingly, the journal entry clearly specified that the dismissal was other than on the merits. Therefore, the trial court's dismissal of the original complaint did not constitute a final judgment, so that no other orders out of that case have any effect. Accordingly, the trial court's subsequent granting of summary judgment on the basis of statute of limitations is not barred by collateral estoppel.
 {¶ 11} This Court has recognized:
 "The Supreme Court of Ohio has held that the doctrine of the law of the case stands for the proposition that `[t]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3-4. The doctrine serves `to compel trial courts to follow the mandates of reviewing courts.' Id." Mollohan v. Court Dev., Inc., 160 Ohio App.3d 736, 2005-Ohio-2149, at ¶ 9.
 {¶ 12} We have further recognized:
 "`The doctrine of law of the case is necessary, not only for consistency of result and the termination of litigation, but also to preserve the structure of the judiciary as set forth in the Constitution of Ohio. Article IV of the Ohio Constitution designates a system of `superior' and `inferior' courts, each possessing a distinct function. The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals.' State ex rel. Potain v. Mathews (1979), 59 Ohio St.2d 29, 32." In re: C.S. and J.S., 9th Dist. No. 05CA0079, 2006-Ohio-1909, at ¶ 10.
 {¶ 13} This Court finds the law of the case doctrine inapplicable to the instant matter. No reviewing court had issued a decision regarding the issues in this case when the trial court granted summary judgment in favor of appellee. *Page 6 
Accordingly, the trial court could not have reviewed a prior mandate of an appellate court. Further, appellant sets forth no authority for the proposition that the trial court's order in the initial action regarding a motion to dismiss, which implicates considerations distinct from those involved in a motion for summary judgment, constitutes the law of the case. This is especially true where the initial case was dismissed without prejudice and was never reduced to a final judgment. Appellant's sixth assignment of error is overruled.
 ASSIGNMENT OF ERROR IV "BECAUSE THE OHIO SUPREME COURT HAS DECREED THAT `A DECLARATORY JUDGMENT ACTION DETERMINES ONLY WHAT IT ACTUALLY DECIDES' AND NOT WHAT IT MIGHT HAVE DECIDED, AS A MATTER OF LAW A TRIAL COURT CAN NOT RENDER JUDGMENT IN A WRONGFUL DEATH CASE BASED UPON THE DECISION OR TESTIMONY IN AN UNRELATED DECLARATORY JUDGMENT ACTION FOR FIDUCIARY'S CONVERSION OR PROPERTY. THE TRIAL COURT'S CONCLUSION TO THE CONTRARY WAS CLEARLY ERRONEOUS."
 ASSIGNMENT OF ERROR V "AS A MATTER OF LAW, A TRIAL COURT MAY BASE ITS DECISION ONLY UPON EVIDENCE ADMITTED INTO THE RECORD IN THE CASE BEFORE IT, AND MAY NOT BASE ITS DECISION UPON MATTERS OUTSIDE THE RECORD. THE TRIAL COURT'S CONCLUSION TO THE CONTRARY WAS CLEARLY ERRONEOUS."
 {¶ 14} Appellant argues that the trial court erred by considering appellant's testimony in case number 2003-CV-2002 out of the Summit County Probate Court in regard to appellee's motion for summary judgment. Specifically, appellant *Page 7 
argues that the trial court was not permitted to consider the testimony, because the case before the probate court was a declaratory judgment action, which judgment is limited to the narrow issues actually decided in that case.[2] In addition, appellant argues that the trial court erred by considering such testimony, because appellee failed to authenticate the evidence. This Court finds appellant's arguments to be without merit.
 {¶ 15} This Court notes that appellant attached a partial transcript of her testimony from case number 2003-CV-2002 to her response in opposition to appellee's motion for summary judgment. Accordingly, appellant relied on the very evidence she now seeks to exclude from this Court's de novo review. This Court finds, therefore, that any error of which appellant now complains was invited error. Under the invited error doctrine, a party is not "permitted to take advantage of an error which he himself invited or induced the trial court to make." State v.Carswell, 9th Dist. No. 23119, 2006-Ohio-5210, at ¶ 21, quotingState ex rel. Bitter v. Missig (1995), 72 Ohio St.3d 249, 254. Because appellant appended to her opposition the same evidence she now challenges, she cannot now complain about this error. Appellant's fourth and fifth assignments of error are overruled. *Page 8 
 ASSIGNMENT OF ERROR I "AS A MATTER OF LAW, SUMMARY JUDGMENT `SHALL NOT BE RENDERED' WHERE REASONABLE MINDS COULD DIFFER. BECAUSE IT IS POSSIBLE [EVEN LIKELY] THAT REASONABLE MINDS COULD CONCLUDE THAT NOT UNTIL AN EXECUTRIX BY CHANCE CAME INTO POSSESSION OF FORGED AND UNAUTHORIZED DOCUMENTS EIGHT MONTHS AFTER THE DEATH OF THE DECEDENT, AN 82-YEAR OLD WOMAN DYING FROM CANCER, WHICH DOCUMENTS INDICATE THAT HER LIVE-IN COMPANION ACCELERATED HER DEATH, SHOULD SHE BE DEEMED TO BE PLACED UPON NOTICE THAT THE DECEDENT'S DEATH WAS A WRONGFUL DEATH. THE TRIAL COURT'S CONCLUSION TO THE CONTRARY WAS CLEARLY ERRONEOUS."
 ASSIGNMENT OF ERROR II "AS A MATTER OF LAW, UNDER THE OHIO DISCOVERY RULE THE STATUTE OF LIMITATIONS IN A WRONGFUL DEATH CASE BEGINS TO RUN FROM THE DATE OF THE COGNIZABLE EVENT WHICH PLACES THE ESTATE UPON NOTICE THAT THE DECEDENT'S DEATH WAS A WRONGFUL DEATH. THE TRIAL COURT'S CONCLUSION TO THE CONTRARY WAS CLEARLY ERRONEOUS."
 ASSIGNMENT OF ERROR III "THE DATE OF THE OCCURRENCE OF THE COGNIZABLE EVENT IN A WRONGFUL DEATH CASE WHERE REASONABLE MINDS COULD COME TO DIFFERENT CONCLUSIONS AS TO SUCH DATE IS A QUESTION OF FACT FOR THE JURY TO DETERMINE AND THE COURT MAY NOT INVADE THE PROVINCE OF THE JURY IN MAKING SUCH DECISION. THE TRIAL COURT'S CONCLUSION TO THE CONTRARY WAS CLEARLY ERRONEOUS."
 {¶ 16} Appellant argues that the trial court erred by granting summary judgment in favor of appellee upon a finding that appellant's complaint was time barred *Page 9 
by the statute of limitations. This Court disagrees in regard to the personal injury claim, but agrees in regard to the wrongful death claim. However, because this Court also finds that the trial court reached the correct conclusion in regard to the claim for wrongful death, albeit on alternate grounds, we overrule these three assignments of error.
 {¶ 17} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 18} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 19} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. *Page 10 
56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 20} Appellee argued in his motion for summary judgment that both appellant's claims for wrongful death and personal injury were time-barred by the applicable statutes of limitations, respectively R.C.2125.02(D) and R.C. 2305.10. Although appellee did not address the applicability of the discovery rule by name, he argued in terms of "cognizable events" which reasonably put appellant on notice that causes of action had accrued. Likewise, the trial court dismissed the claims upon a finding that "[appellant] knew or should have known by the exercise of reasonable diligence, that in the event Ms. Maxwell had been injured by the conduct of [appellee], she would have notice of that in the month of December 2002." Because there is no dispute that appellant received Ms. Maxwell's medical power of attorney appointing appellant with authority to make medical decisions on Ms. Maxwell's behalf a week after she died on November 26, 2002, it is clear that the trial court applied the discovery rule to both the wrongful death and personal injury claims. However, because the trial court reached the correct decision by dismissing the personal injury claim on the basis of the statute of limitations, both the trial court's and appellee's omission of a *Page 11 
discussion of the applicability of the discovery rule to personal injury claims constitutes harmless error.
 {¶ 21} Civ.R. 61 addresses harmless error and states, in relevant part that:
 "* * * no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for * * * disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
Personal Injury Claim
 {¶ 22} In this case, appellee clearly argued that appellant's personal injury claim was barred by the statute of limitations, R.C. 2305.10. That statute provides, in relevant part that "an action for bodily injury * * * shall be brought within two years after the cause of action accrues. * * * [A] cause of action accrues under this division when the injury * * * to person * * * occurs." R.C. 2305.10(A).
 {¶ 23} This Court has held that, although statutes of limitations are remedial in nature and should be liberally construed, "`[statutes of limitations, however, do serve a legitimate purpose and cannot be ignored. A statute of limitations is `intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights.'" (Internal citations omitted.) Barker v. Strunk, 9th Dist. No. 06CA008939, 2007-Ohio-884, at ¶ 9. *Page 12 
 {¶ 24} Although the Ohio legislature has provided for application of the discovery rule, i.e. the discovery of a cognizable event which does or should put a plaintiff on notice that a tort has occurred, in regard to product liability and exposure to certain toxic substances claims, it has not provided for applicability of the rule in personal injury claims such as this one.
 "To extend the discovery rule to all bodily injury claims other than products liability/exposure claims would thwart the purpose and spirit of the statute of limitations. Parties would never have an assurance of when the statute would be applicable. To accept [the] argument [that the discovery rule is applicable] would create a forever moving window for the accrual of a cause of action dependent solely on the plaintiffs acts." Barker v. Gibson (Feb. 8, 1999), 5th Dist. No. 1998CA00144.
 {¶ 25} Appellant claimed that Ms. Maxwell suffered pain as a result of appellee's actions during the eleven days preceding her death on November 26, 2002. She filed her initial complaint in May 2005, more than five months after the two-year statute of limitations expired. Appellant attempts to use the savings statute to preserve her ability to timely file her action.
 {¶ 26} The savings statute, R.C. 2305.19(A) provides, in relevant part:
 "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiffs failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."
Because her original complaint was filed beyond the statute of limitations, appellant cannot take advantage of the savings statute. The instant complaint was *Page 13 
filed on January 4, 2006, more than three years beyond the two-year statute of limitations.
 {¶ 27} Should this Court remand this matter to the trial court on the ground of the trial court's and appellee's omission of an analysis regarding the applicability of the discovery rule to personal injury causes of action, appellee would be free to refile a motion for summary judgment setting out the law in greater detail. Under those circumstances, appellant's personal injury claim would be time-barred for the reasons enunciated above. Accordingly, the trial court's application of the discovery rule within the context of a personal injury claim constitutes harmless error. The trial court did not err by granting summary judgment in favor of appellee on appellant's claim alleging personal injury for the reason that that claim was time-barred by the statute of limitations. No genuine issue of material fact exists, and appellee is entitled to judgment as a matter of law in regard to the personal injury claim on the ground that the claim is barred by the statute of limitations, R.C. 2305.10.
Wrongful Death Claim
 {¶ 28} Appellee argued in his motion for summary judgment that appellant's wrongful death claim was barred by the statute of limitations. R.C. 2125.02(D)(1) states, in relevant part, that "a civil action for wrongful death shall be commenced within two years after the decedent's death." The Ohio Supreme Court, however, has held that "[t]he discovery rule applies to toll R.C. 2125.02(D), *Page 14 
the two-year statute of limitations for a wrongful death claim."Collins v. Sotka (1998), 81 Ohio St.3d 506, paragraph one of the syllabus. See, also Koerber v. Cuyahoga Falls Gen. Hosp. (Sept. 26, 2001), 9th Dist. No. 20516. Therefore, the commencement of the limitations period for a wrongful death claim turns on the occurrence of a cognizable event which gives rise to the plaintiff's duty to investigate potential bases for a wrongful death action and to identify the parties potentially responsible therefor. Id.
 {¶ 29} In this case, appellant admitted in her testimony during the trial before the probate court that she received Ms. Maxwell's last will and testament, living will, health care power of attorney for Ohio, health care power of attorney general, and her burial instructions soon after Ms. Maxwell's memorial service and burial. Therefore, appellant learned for the first time in December 2002 that she had been appointed with the authority to make medical decisions for Ms. Maxwell. However, she averred in a September 6, 2005 affidavit that it was not until July 23, 2003 that she received Ms. Maxwell's medical records through discovery in an unrelated case.
 {¶ 30} Appellant averred that those medical records contained a different copy of Ms. Maxwell's living will, on which appellee had penciled in his name as the third contact, behind appellant and her mother, for notification in the event that medical professionals determined that life-sustaining treatment should be withheld from Ms. Maxwell. In addition, it was not until July 23, 2003, that appellant *Page 15 
received a copy of a Do Not Resuscitate ("DNR") identification form in which appellee had requested that the DNR Comfort Care Protocol be activated immediately for Ms. Maxwell, rather than in the event of cardiac arrest or respiratory failure. No physician, however, executed the DNR Comfort Care Status portion of the form which would confirm a formal order to utilize State of Ohio DNR Protocol because such was not contrary to the patient's wishes and that grounds for utilization of the protocol were documented in the patient's medical record. Neither did any physician execute the Living Will and Qualifying Condition portion of the form.
 {¶ 31} Appellee argued in his motion for summary judgment that appellant should have reasonably investigated to determine whether there was any wrongdoing regarding Ms. Maxwell's death once appellant learned that she had had the sole authority to make medical decisions for Ms. Maxwell. Appellant argued, however, that she did confer with appellee regarding Ms. Maxwell's care while she was in the hospital in the later stages of pancreatic cancer. In addition, appellant argued that she had no reason to suspect any wrongdoing because Ms. Maxwell was 82 years old and terminal with cancer when she died. She argued that she reasonably believed that Ms. Maxwell died from old age and disease.
 {¶ 32} Under the circumstances, this Court finds that appellant met her reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. See Tompkins, *Page 16 75 Ohio St.3d at 449. Appellant presented evidence that she knew that Ms. Maxwell was of an advanced age and terminally ill and reasonably believed that no one wrongfully interfered with Ms. Maxwell's care until she later discovered that appellee had manipulated the living will and executed a DNR order. Appellant only discovered appellee's attempts to exercise control over medical decisions regarding Ms. Maxwell on July 23, 2003. She then filed her initial complaint in May 2005, within two years of the cognizable event which commenced the running of the statute. Further, because appellant's initial complaint failed otherwise than upon the merits, she could take advantage of the savings statute to timely refile her complaint within one year of its dismissal pursuant to R.C. 2305.19(A). Accordingly, because a genuine issue of material fact exists regarding when appellant discovered potential wrongdoing by appellee in relation to Ms. Maxwell's death, the trial court erred granting summary judgment in favor of appellee on the basis of the running of the statute of limitations.
 {¶ 33} This Court, however, finds that the trial court did not err by granting summary judgment in favor of appellee in regard to the wrongful death claim on alternate grounds. We have stated:
 "It is well established in Ohio that `a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92. Further, this Court has held that `an appellant court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial.' (Citation omitted.) Cook Family Invests. v. Billings, 9th Dist. Nos. *Page 17 
05CA008689 05CA008691, 2006-Ohio-764, at ¶ 19." Schaaf v. Schaaf, 9th Dist. No. 05Ca0060-M, 2006-Ohio-2983, at ¶ 19.
 {¶ 34} In order to prevail on a claim for wrongful death, appellant must prove the following:
 "(1) a wrongful act, neglect, or default of the defendant that proximately caused the death and that would have entitled the decedent to maintain an action and recover damages if death had not ensued; (2) the decedent was survived by a spouse, children, parents, or other next of kin; and (3) the survivors suffered damages by reasons of the wrongful death." Overly v. Columbiana Cty. Engineer, 7th Dist. No. 05-CO-9, 2006-Ohio-2188, at ¶ 17, quoting McCormac, Wrongful Death in Ohio § 2.02.
 {¶ 35} Appellee does not dispute that he penciled in his name as a contact on Ms. Maxwell's living well after she executed that document. Appellee, however, asserted that the mere listing of appellee as a person to be notified in the event that a physician believes that life-sustaining treatment should be withheld had no effect on Ms. Maxwell's treatment or the length of her life. The living will merely listed persons who would receive notice, not that those persons would have decision-making authority. Appellant failed to present any evidence to demonstrate how appellee's mere addition of his name to the notification provision of the living will caused Ms. Maxwell's premature death.
 {¶ 36} Appellant does not dispute that he executed a DNR identification form. However, the evidence indicates that no physician confirmed the DNR order. Accordingly, appellee met his initial burden to show that his mere *Page 18 
execution of the DNR identification form did not proximately cause Ms. Maxwell's death.
 {¶ 37} Appellant failed to meet her reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. See Tompkins,75 Ohio St.3d at 449. Although appellant argues that the DNR form is what resulted in no further life-sustaining treatment being rendered, there is no evidence that any physician acted in reliance or upon direction of the DNR form. The form contains no certification or confirmation by any physician. Accordingly, appellant has failed to put forth any evidence as to causation, a necessary element of her wrongful death claim. Therefore, appellant failed to demonstrate that genuine issues of material fact exist and that appellee was not, therefore, entitled to judgment as a matter of law. The trial court, therefore, did not err by granting summary judgment in favor of appellee on the wrongful death claim.
 {¶ 38} Appellant's first, second and third assignments of error are overruled.
 III. {¶ 39} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 19 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
DONNA J. CARR FOR THE COURT
BAIRD, J. CONCURS
[1] Civ.R. 41(B)(4) addresses involuntary dismissals and failures other than on the merits. It states that dismissals for lack of jurisdiction over the person or the subject matter or for failure to join a party under Civ.R. 19 or Civ.R. 19.1 shall operate as a failure otherwise than on the merits. The original complaint was not dismissed for either reason.
[2] Appellee disputes appellant's assertion that the case before the probate court was a declaratory judgment action. This Court has no information on which to determine what type of action was pending before the probate court in case number 2003-CV-2002, but need not reach such a decision.