DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Virgil Cochran, appeals a judgment entry of the Barberton Municipal Court finding Appellant guilty of failure to obey an order, a violation of R.C. 3707.48. We affirm.
 I. {¶ 2} On December 13, 2002, the City of Norton charged Appellant with a violation of R.C. 3707.48, which states:
"No person shall violate sections 3707.01 to 3707.53, inclusive, of the Revised Code, or any order or regulation of the board of health of a city or general health district made in pursuance thereof, obstruct or interfere with the execution of such order, or willfully or illegally omit to obey such order."
 {¶ 3} Appellant pled not guilty, and the matter was set for a hearing in the Barberton Municipal Court on January 21, 2003 at 2:30 P.M. On January 9, 2003, Appellant filed a demand for a jury trial, specifically stating that he did not waive his speedy trial rights. The court denied the demand because R.C. 3707.99
makes the first violation of R.C. 3707.48 a minor misdemeanor. In order to meet the speedy trial deadline, the trial court accelerated the trial date to January 13, 2003. On January 13, 2003, Appellant filed a document wherein he moved the court for a "Suppressing Hearing" (sic), to suppress evidence, to dismiss, and to issue a protective order. Appellant filed a memorandum in support of his motions. In the memorandum, Appellant asserted that "[t]he search warrant failed to set forth probable cause for its issuance" and "[n]umerous searches were executed illegally and are null and void." Regarding the motion to dismiss, Appellant averred that the case could be heard only in Norton's Mayor's Court and Barberton Municipal Court had no jurisdiction; the complaint fails to allege facts sufficient to constitute an offense; the complaint is inadequate to provide notice of the offense charged; double jeopardy applies; the applicable ordinance was not correctly cited thereby misleading Appellant; the complaint contains defects on its face; and the complaint does not say that city officials trespassed upon his property. Also on January 13, 2003, Appellant filed an affidavit wherein he averred that Barberton Municipal Judge McNulty was biased against Appellant.
 {¶ 4} In response to Appellant's motions, the trial court agreed to hear the motions and continued the case so the prosecution could have time to prepare for the hearing. The motion hearing was scheduled for and held before Barberton Municipal Judge Weigand on March 3, 2003; Appellant did not appear and the trial court denied the motions. The court also set a new trial date for March 19th, 2003. On March 12, 2003, Appellant filed a new affidavit alleging bias toward him on the part of Judge Weigand This filing resulted in a stay of the case pending authorization to proceed from the Presiding Judge of the Summit County Court of Common Pleas. Ultimately, a new trial date of May 23, 2004 was scheduled before Judge Weigand On that date, the trial court granted Appellant a further continuance after granting the prosecution's motion to amend the complaint. The trial court rescheduled the trial for September 25, 2003.
 {¶ 5} The trial proceeded on that date and a transcript of the proceeding is included in the record. The transcript demonstrates that the first witness called was a city health inspector for the cities of Barberton and Norton. He testified that on August 19, 2002, he performed an inspection on Appellant's property located at 3720 Alberta Drive in Norton, Ohio. The inspector described the property as "severely in disarray * * * the residential structure was fairly dilapidated, roof caving in. * * * There was also a preponderance of trash and debris, solid waste around the entire premises, consisting of numerous materials. It was solid waste." According to the inspector's testimony, the waste consisted of two unlicensed junk vehicles, lumber, trash, old spouting, broken lawn chairs, lawn and tractor mowers, old plastic, dozens of gallon plastic containers strewn around, boxes of debris, a garage filled with refuse and junk, and old roofing shingles. As a result, the witness issued an order to Appellant to clean up his property within fourteen days. The order further indicated that failure to comply would result in the matter being referred for prosecution and "[a]ppeal procedures are attached." The appeal procedures directed Appellant to request a hearing before the health commission in writing within ten calendar days. Appellant did not appeal that order. The witness stated that he returned to the property on numerous occasions and found no change in the condition of the property.
 {¶ 6} On cross-examination, Appellant, acting pro se, proceeded to direct questions to the witness which the trial court disallowed as they pertained to Appellant's motion to suppress which was not granted at the March 3, 2003 hearing. Appellant then asked the court to strike all of that witness's testimony and dismiss the case on the grounds that the prosecution did not prove "that I am responsible for the condition of the property." The trial court questioned Appellant about who lived there and for how long, and then denied the motion to dismiss. Appellant then proceeded to ask questions of the witness to which the prosecution entered an objection on the basis of res judicata, claiming that Appellant did not appeal the order to clean up his property and was precluded from his line of questioning. The trial court sustained the objection.
 {¶ 7} A second witness, an environmental sanitarian for the City of Barberton, testified that he had visited Appellant's property; at that point, Appellant requested the court's permission to leave the trial alleging that he was not permitted to present evidence. The trial court asked that the record reflect that Appellant was voluntarily leaving the trial. Appellant also told the trial court that he would not file a post-trial brief.
 {¶ 8} On October 14, 2003, the trial court journalized a judgment entry wherein Appellant was found guilty of violating R.C. 3707.48. The trial court conducted a sentencing hearing on November 6, 2003. The journal entry from the sentencing indicates that the hearing was scheduled for 1:00 p.m. The case was called at 1:25 p.m., but the bailiff advised the court that Appellant had left the court at 1:20 p.m. The trial court sentenced Appellant in absentia to a $100.00 fine plus costs.
 {¶ 9} This appeal followed. Appellant raises ten assignments of error. We list and reiterate Appellant's arguments for all assignments of error and then address them together at the conclusion of the list.
 II. Assignment of Error No. 1
"The lower court (`the court') erred in its failure to determine its jurisdiction and to follow correct applicable speedy trial, constitutional, and other controlling law."
 {¶ 10} In this assignment of error, Appellant claims a violation of the speedy trial statutes, cites to authority stating that speedy trial statutes are to be strictly construed against the state and that an appellate court counts days to determine if the case was tried within time limits. Appellant points to no references in the record to support this assignment of error, nor does he explain how the citations apply to his case.
 Assignment of Error No. 2
"The court erred when it refused to be bound by the united states and state of ohio constitutions and their law."
 {¶ 11} In this second assignment of error, Appellant claims that his property was inspected eight times without a warrant in violation of his constitutional rights. Again, there is no citation to any part of the record in support of this argument nor does Appellant explain how the constitutional standards apply to this case.
 Assignment of Error No. 3
"The court erred in its allowing dave fish, the prosecutor and other city of barberton employees to sign judge wiegand's name at will on orders and other documents in this case."
 {¶ 12} Appellant's argument under this assignment of error consists of a one sentence assertion: "Appellant has five documents in this case bearing Judge Wiegand's name that on information and belief are not the judge's signature that are being checked by a hand writing expert that will be in the supplemental record."
 Assignment of Error No. 4
"The court erred when it verbally put a gag order on this appellant, preventing appellant from cross examining witnesses or calling any witness of his own, prevented appellant from testifying on his own behalf."
 {¶ 13} Again, Appellant argues in one sentence, "Appellant respectfully refers this court to pages of the court reporter's record in Vol. III of the transcript."
 Assignment of Error No. 5
"The court erred when it refused to examine the complaint and summons and determined therefrom that no valid cause of complaint of an offense had been committed, and the judge continued his acts of representing and being the appellee's lawyer all without any supporting law."
 {¶ 14} In the fifth assignment of error, Appellant challenges the municipal court's jurisdiction because R.C. 3707.021 states in part, "`when an order * * * of a general health district * * * is not complied with in whole or in part, the Board may petition the court of common pleas * * * the court of the county in which the offense is alleged to be occurring may grant such injunctive relief as the equities of the case require.'" (Emphasis sic.) Appellant further states "that Ohio Municipal Courts do not have equity jurisdictional powers to deal or act in real estate." Appellant does not explain how this argument applies to this case and does not cite to the record in any manner.
 Assignment of Error No. 6
"The court erred by its refusal to consider appellant's pleas of not guilty and not guilty by reason of having been charged with the same offense in the court's case no. CRB3004, State ofOhio/City of Norton v. Virgil Cochran."
 {¶ 15} Appellant does not address error as explained in the assignment of error; instead, Appellant complains here that he cannot prepare a record for this appeal because the court will not provide Appellant with a tape recording of the proceedings.[1]
 Assignment of Error No. 7
"The court erred in its holding that RC 3734.03 and RC 3707.48
was controlling and supported the action the court took in this matter."
 {¶ 16} Here, Appellant argues that he did not believe or know that he had to obey a statute that he was unable to locate in either Baldwin's or Anderson's published copies of the Ohio Revised Code. Appellant states that the Revised Code goes from R.C. 3734.02 "directly to 3734.021." Appellant cites to no authority or any part of the record to support this argument.
 Assignment of Error No. 8
"The court erred when it allowed the appellees to amend their purported affidavit and complaint based sol[ely] upon their warrantless search and seizure of appellant's property absent exigent circumstances or law supporting it and said amendment did not toll the time to bring appellant to trial."
 {¶ 17} For this assignment of error, Appellant again contains his argument in one sentence: "This assignment of error should be sustained based upon State v. Miller, City of Oregon v. Kohne,See and Szymkowiak, supra and pages 3 and 4 of Volume II of the court reporter's record[.]"
 Assignment of Error No. 9
"The court erred in its failure to recognize this instant case is based entirely on and of alleged violation of criminal statutes [R.C.] 3743.03 and [R.C.] 3707.48 that are entirely distinguishable from the case of Noernburg v. The City ofBrookpark, 63 Ohio [St.2d] 26, 17 OP ED 16(1980) a civil service contract case."
 {¶ 18} Appellant makes yet another one sentence argument: "The court could not apply the Noernburg case that is a civil service case as controlling law in this instant criminal case as it is set out in the court's October 14th judgment entry."
 Assignment of Error No. 10
"The court erred in its refusal to state that the appellees, state of ohio/city of norton by and through mike meusel and ed wood did not show and the record of this case is void of any claims of health code violations committed by this appellant. the appellant has used his property in question for the identical purpose for the past fifty-five (55) years under both u.s. and state of ohio constitutions and no law can be retroactively applied to stop said use."
 {¶ 19} Last, Appellant argues that this assignment of error "is self-explanatory and must be sustained. See Ohio Constitution, Art. II, Sec. 28 Retroactive laws; laws impairing obligation of contracts." (Emphasis omitted.)
 {¶ 20} In conclusion of all assignments of error, Appellant states, "By reason of all the foregoing, Appellant respectfully seeks a reversal[.]"
 {¶ 21} We now address all assignments of error together. "An appellant's brief is required to contain a statement of facts relevant to the assignments of error `with appropriate references to the record' as well as a section devoted to argument and law, `with citations to the authorities, statutes, and parts of the record on which the appellant relies.'" Ivery v. Ivery (Jan. 12, 2000), 9th Dist. No 19410, at 2; App.R. 16(A)(6) and (7).
 {¶ 22} As the appellant, Mr. Cochran had the burden of affirmatively demonstrating error on appeal. Frecska v. Frecska
(Oct. 1, 1997), 9th Dist. No. 96CA0086, at 5; Angle v. WesternReserve Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2. It is not the duty of this Court to search the record for evidence to support an appellant's argument of an alleged error.State v. Watson (1998), 126 Ohio App.3d 316, 321; Frecska,
supra, at 4. "[I]f an argument exists that can support this assignment of error, it is not this court's duty to root it out."Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673, at 18. Appellant's unsubstantiated assertions cannot be considered on appeal as sufficient to carry his burden of proving that the trial court abused its discretion. Frecska, supra, at 4; see, also, Webb v. Jones (Aug. 24, 1994), Union App. No. 14-94-12
 {¶ 23} Pursuant to App.R. 12(A)(2), this Court "`may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief as required under App.R. 16(A).'" Accordingly, this Court has no choice but to affirm the order of the trial court. Angle v. Western Reserve Mut. Ins.Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2. Appellant's assignments of error are overruled.
 III. {¶ 24} Appellant's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Slaby, J., concur.
[1] The court pauses to note that three typed transcripts of proceedings were included in the record to the appellate court.