DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Children's Hospital Medical Center of Akron (Appellant) appeals from the Summit County Court of Common Pleas, which affirmed an administrative decision by the South Lorain Merchants Association Health and Welfare Benefit Plan and Trust (Appellee) that denied Appellant's claim. This Court affirms.
 I. {¶ 2} A child covered under Appellee's health care plan was admitted to Appellant hospital's burn unit, and incurred $89,684.13 in charges during a 16-day stay. Appellee paid $40,750.00 of the charges, but refused to pay the remaining $48,934.13. Appellant appealed to Appellee's Board of Trustees, which upheld the partial denial of payment. Appellant then filed a complaint in the Summit County Court of Common Pleas, in order to appeal the Board's decision.
 {¶ 3} The trial court conducted a review pursuant to the Employee Retirement Income Security Act of 1974, Section 1001 et seq., Title 29 U.S. Code (ERISA). Appellant argued that the Board's decision was arbitrary and capricious because the Board quoted from an outdated benefits plan instead of the plan in effect at the time. The trial court compared the provisions quoted by the Board to those contained in the actual plan, which was contained in the record, and concluded: "Although the identical language quoted in the [Board's] decision is not found in the Record, the ideas expressed by the quoted language are consistent with the current Plan as it is presented in the Record." From this, the trial court ruled that the error did not render the Board's decision arbitrary or capricious.
 {¶ 4} Thus, the trial court affirmed the Board's decision to uphold the denial of payment. Appellant appealed to this Court, asserting four assignments of error for review. These assignments of error have been consolidated.
 II. First Assignment of Error
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR UNDER THE STANDARD OF REVIEW ESTABLISHED IN WILKINS V. BAPTIST HEALTH CARE SYSTEM,
150 F.3D 609 (6TH CIR. 1988), WHEN IT CONSIDERED AND RELIED UPON THE CONTENTS OF AN EXPIRED PLAN DOCUMENT, WHICH WAS NOT PART OF THE ADMINISTRATIVE RECORD FILED BY THE DEFENDANT."
 Second Assignment of Error
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT RULED THAT THE DECISION OF THE SOUTH LORAIN MERCHANTS ASSOCIATION HEALTH AND WELFARE BENEFIT PLAN AND TRUST (HEREAFTER SLMA), BOARD OF DIRECTORS WAS NOT ARBITRARY OR CAPRICIOUS, DESPITE THE FACT THAT THE TRIAL COURT RULED THAT THE SLMA BOARD OF DIRECTORS BASED ITS ADMINISTRATIVE DECISION UPON AN EXPIRED PLAN DOCUMENT, WHICH WAS NOT IN EFFECT AT THE TIME THAT THE PATIENT WAS TREATED."
 Third Assignment of Error
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT RULED THAT AS LONG AS THE LANGUAGE OF THE EXPIRED PLAN DOCUMENT WAS SIMILAR TO THE LANGUAGE OF THE CORRECT PLAN DOCUMENT, THAT PLAINTIFF'S (NOW APPELLANT'S) OBJECTIONS BASED UPON THE SLMA BOARD OF DIRECTOR'S RELIANCE UPON THE EXPIRED PLAN DOCUMENT, WERE MOOT."
 Fourth Assignment of Error
"THE TRIAL [sic] COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO CONSIDER PLAINTIFF'S (NOW APPELLANT'S) ARGUMENTS REGARDING INCREMENTAL NURSING CHARGES, ON THE GROUND THAT PLAINTIFF FIRST RAISED THE ISSUE IN ITS REPLY BRIEF, EVEN THOUGH PLAINTIFF RAISED THE ISSUE IN ITS INITIAL MOTION AND BRIEF AND DEFENDANT (NOW APPELLEE) DISCUSSED THE INCREMENTAL NURSING CHARGES AT LENGTH IN ITS BRIEF."
 {¶ 5} Appellant has claimed four separate errors, but each claim suffers from the same deficiency. Appellant has failed to support its claims on appeal, and although Appellant has identified its perceived errors, Appellant has not proven, nor even proposed, how the outcome of this case might have been different if not for these alleged errors. Appellant has failed to provide this Court with a basis to find any material prejudice. Therefore, Appellant's claims are unsustainable.
 {¶ 6} An appellant bears the burden of affirmatively demonstrating the alleged error on appeal and substantiating any arguments in support. See Figley v. Corp, 9th Dist. No. 04CA0054, 2005-Ohio-2566, at ¶ 8. It is not the duty of this Court to develop an argument in support of an assignment of error. Prince v. Jordan, 9th Dist. No. 04CA008423,2004-Ohio-7184, at ¶ 40. According to the appellate rules, this Court "may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). According to App.R. 16(A)(7), an "appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions." See, also, Loc.R. 7(A)(7).
 {¶ 7} Under the concept of harmless error, it is neither prudent nor appropriate for this Court to order a trial court to remedy an error that does not affect the outcome of the case; i.e., "this court may not reverse the trial court unless a substantive right is affected." Kelley v. Cairns Bros., Inc.
(1993), 89 Ohio App.3d 598, 608, citing Leichtamer v. Am. MotorsCorp. (1981), 67 Ohio St.2d 456, 474-75. "Reversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it." (Internal quotations omitted.) Johnson v. United States
(1997), 520 U.S. 461, 470, 137 L.Ed.2d 718. As such, when an appellant has failed to allege, argue, or prove how the outcome of the case would have been different but for the alleged error, this Court will not elevate form over substance and reverse the trial court for reasons that serve no practical purpose. See, e.g., State v. Fields, 12th Dist. No. CA2005-03-067,2005-Ohio-6270, ¶ 26; Seley v. G.D. Searle Co. (1981),67 Ohio St.2d 192, 206. See, also, Civ.R 61.
 {¶ 8} In the first assignment of error, Appellant asserted that the outdated or expired benefits plan document was not part of the administrative record, "and the Trial Court's reference to the prior Plan Document was plain error." Appellant did not allege, however, that the outcome of the trial court's review would have been different but for this error. Consequently, Appellant put forth no argument as to how it was materially prejudiced by this perceived error. As such, Appellant failed its burden on appeal and this is, at most, harmless error. See App.R. 12(A)(2); App.R. 16(A)(7); Civ.R. 61.
 {¶ 9} In the second assignment of error, Appellant asserted that it "is entitled to have its claims considered on the basis of the applicable Plan Document and not the expired one." Yet, Appellant still offered no allegation of how the Court of Appeals of Ohio, Ninth Judicial District outcome of such a consideration would have been different. Thus, as above, Appellant has failed its burden on appeal. See id.
 {¶ 10} In the third assignment of error, Appellant asserted that "the Trial Court committed additional error when it ruled that the language of the two (2) documents was sufficiently similar to render any error moot." This is a misstatement; the trial court never rendered anything moot or even used the term "moot." This is, however, the closest Appellant came to alleging prejudice, when it explained that the trial court reviewed only the pertinent provisions of the two documents and "[t]hus, there is no assurance that there are other provisions in those documents that by themselves may result in a different outcome." However, Appellant stopped well short of meeting its burden, saying: "Further, it would be unreasonable to burden Plaintiff/Appellant with the responsibility of having to analyze and compare the two (2) Plan Documents."
 {¶ 11} In fact, it would not be unreasonable. Under the circumstances, it was Appellant's obligation to do just that, and if upon doing so, Appellant discovered some difference that would have caused a different outcome, it was Appellant's obligation to argue that to this Court, along with legal support and citation to the record. See App.R. 12(A)(2); App.R. 16(A)(7). Instead, Appellant actually concedes its failure to demonstrate prejudice, saying: "We have no idea what the decision would have been had they examined the correct document." Therefore, Appellant has failed its burden on appeal. See id.; Civ.R. 61.
 {¶ 12} In the fourth assignment of error, Appellant chose not to present an argument in its brief, instead saying: "Rather than restate here its arguments regarding incremental nursing, Plaintiff/Appellant will refer this Court to Pages 2 through 4 of its Reply Brief [submitted to the trial court]." This is unacceptable. See App.R. 12(A)(2); App.R. 16(A)(7). The assignments of error are overruled.
 III. {¶ 13} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Reader, J. Milligan, J. concur
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
(Milligan, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)