[Cite as *State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 2017-Ohio-6928.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

STATE, ex rel. MIDVIEW LOCAL
SCHOOL DISTRICT BOARD OF
EDUCATION

      Appellant

      v.

OHIO SCHOOL FACILITIES
COMMISSION, et al.

      Appellees

C.A. No.     16CA010991

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CV182579

DECISION AND JOURNAL ENTRY

Dated: July 24, 2017

CALLAHAN, Judge.

{¶1} Appellant, Midview Local School District Board of Education ("Midview"), appeals the judgment entered in favor of Appellees, Ohio School Facilities Commission ("Facilities Commission") and Ohio Facilities Construction Commission (collectively "the Commission"), in the Lorain County Court of Common Pleas. For the reasons set forth below, this Court affirms.

I.

{¶2} This matter stems from Midview's construction of three elementary schools under the Expedited Local Partnership Program ("ELPP") and its request to include the elementary schools' roof defects under either the ELPP or the Classroom Facilities Assistance Program. This Court recounted the underlying facts of this case in the first appeal in this matter. *See State*

*ex rel. Midview Local School Dist. Bd. of Edn v. Ohio School Facilities Comm.*, 9th Dist. Lorain No. 14CA010596, 2015-Ohio-435 ("*Midview I*").

**Procedural History**

{¶3} Midview filed a petition for writ of mandamus and in the alternative a complaint for declaratory judgment and equitable restitution. The Commission filed a motion to dismiss for lack of jurisdiction and failure to state a claim. The trial court granted the motion to dismiss, finding that "it [was] without jurisdiction to rule upon [Midview's] complaint in mandamus or for declaratory judgment." The trial court dismissed "[t]he complaint in mandamus and for money damages." The judgment entry dismissed all three of Midview's claims.

{¶4} Midview appealed the dismissal. *Midview I* at ¶ 6. *Midview I* held that there was subject matter jurisdiction and reversed the dismissal of the writ of mandamus and declaratory judgment claims only. *Id.* at ¶ 8, 20. *Midview I* did not address the dismissal of the equitable restitution claim.

{¶5} Upon remand to the trial court, Midview filed a first amended petition for writ of mandamus and in the alternative a complaint for declaratory judgment and equitable restitution.[1] Midview filed a motion for summary judgment as to its mandamus claim only. The Commission filed a motion for summary judgment on all three of Midview's claims. The trial court granted

---

[1] Based on the first amended complaint, Midview's equitable restitution claim was before the trial court as a re-filed cause of action. Civ.R. 41(B)(4)(a) states that a dismissal for lack of subject matter jurisdiction is "a failure otherwise than on the merits." Accordingly, the dismissal of the equitable restitution claim was without prejudice and the claim was subject to being re-filed. *See Poppy v. Willoughby Hills City Council*, 11th Dist. Lake No. 2004-L-015, 2005-Ohio-2071, ¶ 25.

summary judgment in favor of the Commission on the declaratory judgment claim, thereby rendering the mandamus action moot. The trial court also found the equitable restitution claim to have been previously dismissed, but not challenged on appeal and thus fully disposed of.

{¶6} Midview appealed the grant of summary judgment in favor of the Commission. This appeal was dismissed for lack of a final appealable order due to the trial court's failure to address the specific declarations requested in the complaint. *State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 9th Dist. Lorain No. 15CA010831 (Sept. 25, 2015).

{¶7} Following the dismissal of the second appeal, the case was reassigned to a new trial court judge. The trial court ordered the parties to submit new summary judgment briefs so that it could reconsider the summary judgment issues. Again, Midview filed a summary judgment motion only on the mandamus claim and the Commission filed its summary judgment motion on all three of Midview's claims. Prior to Midview filing its summary judgment brief, a pretrial was held wherein the trial court stayed discovery. The trial court granted summary judgment in favor of the Commission on all three counts.

{¶8} Midview timely appeals, raising nine assignments of error for review. To facilitate the analysis, this Court will address the assignments of error out of order.

II.

{¶9} Midview's first, second, third, fifth, sixth, and seventh assignments of error pertain to its claim for mandamus. Each of these assignments of error argues that the trial court erred in denying Midview and granting the Commission summary judgment as to the mandamus action. This Court disagrees.

{¶10} R.C. 2731.01 defines mandamus as "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." The Ohio Supreme Court has set forth the requirements that the relator must demonstrate in order to issue a writ of mandamus. They are "(1) that [relator] has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). The relator bears the burden of proving all three elements by clear and convincing evidence. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, ¶ 18.

{¶11} This Court will begin its analysis with the duty element because it is dispositive in this case.

### ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT ERRED IN FINDING THAT NO CLEAR DUTY EXISTS FOR THE [FACILITIES COMMISSION] TO PROVIDE THE STATE OF OHIO['S] SHARE OF FUNDING FOR THE DEFECTS.

{¶12} In Midview's fifth assignment of error, it argues that the trial court erred in granting summary judgment in favor of the Commission because the Facilities Commission had a clear legal duty to provide the state's share of funding for the defects. Although Midview did not specifically cite R.C. 3318.36 in its brief, the substance of the argument referred to a duty thereunder. Midview also argues a duty to provide the state's share of the funds for defects arises under R.C. 3318.042. This Court disagrees.

{¶13} In this assignment of error, Midview recites portions of the relevant statutes and makes the conclusory statement that the trial court's finding that there was no duty upon the Facilities Commission to provide the state's share of funds, including for defects, "is against the

clear statutory language." Midview does not provide any citation to facts in the record or any analysis as to why the statutory language imposes a duty upon the Facilities Commission. *See* App.R. 16(A)(7). While Midview set forth an extensive "F[actual] B[ackground]" in its brief, it failed to cite to any of those facts in this assignment of error. "References to the pertinent parts of the record *shall* be included in the statement of facts *and* in the argument section of the brief." (Emphasis added.) Loc.R. 7(F). "It is not the function of this Court to extract the relevant facts from [Midview's] statement of facts and apply them to the appropriate assignment of error. Such a burden lies with [Midview]." *See Urda v. Buckingham, Doolittle & Burroughs*, 9th Dist. Summit No. 23226, 2006-Ohio-6915, ¶ 33. Moreover, Midview's unsubstantiated assertions cannot be considered on appeal as sufficient to carry its burden of proving that the trial court erred in finding no duty on the Facilities Commission to provide the state's share of the funding for the defects. *See State v. Cochran*, 9th Dist. Summit No. 21806, 2004-Ohio-4061, ¶ 22.

{¶14} Because its fifth assignment of error fails to comply with App.R. 16(A)(7) and Loc.R. 7(F), Midview has failed to meet its burden on appeal. "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5; *see* App.R. 16(A)(7). As this Court has consistently stated, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998), citing App.R. 12(A)(2) and 16(A)(7). Accordingly, Midview has failed to develop its argument with regard to the duty element of mandamus.

{¶15} Additionally, while Midview's fifth assignment of error challenges only the duty element of mandamus, it argues it "has a *right* to have funds equivalent to the [s]tate's share of

the costs to correct the [d]efects deposited into the project construction fund." (Emphasis added.) This Court has held that "[a]n appellant's captioned assignment of error 'provides this Court with a roadmap on appeal and directs this Court's analysis.'" *State v. Pleban*, 9th Dist. Lorain No. 10CA009789, 2011-Ohio-3254, ¶ 41, quoting *State v. Marzolf*, 9th Dist. Summit No. 24459, 2009-Ohio-3001, ¶ 16. Duty and right are two separate and distinct elements of a mandamus action. Because the fifth assignment of error challenges the trial court's finding as to the duty element, any issues regarding Midview's "right" to the funds is beyond the scope of this captioned assignment of error and not properly before this Court.

{¶16} Based on Midview's failure to meet its burden on appeal, the fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN FINDING THAT MIDVIEW WAS ESTOPPED FROM BRINGING AN ACTION IN MANDAMUS TO COMPEL THE [FACILITIES COMMISSION] TO ASSESS THE TOTAL CLASSROOM FACILITIES NEEDS OF MIDVIEW PURSUANT TO R.C. 3318.36 AND PROVIDE ADDITIONAL ASSISTANCE UNDER R.C. 3318.042.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN FINDING R.C. 3318.042 IS INAPPLICABLE BECAUSE IT DETERMINED THAT THE PHRASE "OVERSIGHT OR DEFICIENCY" DOES NOT MEAN "DEFECT," "ADDITIONS OR REMODELING" DOES NOT ADDRESS "DEFECTS," AND "REVIEW" DOES NOT MEAN "PROPERLY REVIEW."

## ASSIGNMENT OF ERROR NO. 6

THE TRIAL COURT ERRED IN FINDING THAT MIDVIEW HAD AN ADEQUATE REMEDY AT LAW BY PURSUING THE GENERAL CONTRACTOR AND/OR ITS BONDING COMPANY ON THE ROOFING WARRANTIES OR THE OTHER CAUSES OF ACTION, AND THEREFORE, COULD NOT ARGUE FOR A WRIT OF MANDAMUS.

**ASSIGNMENT OF ERROR NO. 7**

THE TRIAL COURT ERRED IN FINDING R.C. 3318.042 WAS INAPPLICABLE BECAUSE CONSTRUCTION OF THE THREE ELEMENTARY SCHOOLS BUILT AS PART OF THE ELPP PHASE WAS COMPLETE IN 2005.

**{¶17}** In its second, third, sixth, and seventh assignments of error, Midview asserts various arguments that the trial court erred in denying Midview and granting the Commission summary judgment as to the mandamus action. In light of Midview's failure to meet its burden as to the Commission's clear legal duty, and this Court's resolution of its fifth assignment of error, this Court declines to address Midview's second, third, sixth, and seventh assignments of error as they have been rendered moot. *See* App.R. 12(A)(1)(c).

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN DENYING MIDVIEW'S MOTION FOR SUMMARY JUDGMENT ON ITS PETITION FOR WRIT OF MANDAMUS AND GRANTING [THE COMMISSION'S] MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS, AS MIDVIEW ESTABLISHED ALL OF THE ELEMENTS FOR ISSUANCE OF A WRIT OF MANDAMUS.

**{¶18}** In its first assignment of error, Midview asserts that the trial court erred in granting summary judgment in favor of the Commission because Midview established all of the elements of a writ of mandamus. Based on this Court's resolution of the fifth assignment of error, this Court declines to address Midview's first assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

**{¶19}** In its appellate brief, Midview defined and set forth the elements for a writ of mandamus. However, Midview did not present any facts or analysis as to how it proved each of the elements for a writ of mandamus. Instead, Midview stated, "[f]or the reasons set forth in Midview's [m]otion for [s]ummary [j]udgment, which is specifically incorporated herein,

Midview has established all of the necessary elements through its verified pleadings, motions and filings."

{¶20} Pursuant to App.R. 16(A)(7), arguments are to be presented within the body of the merit brief. This Court has held that "[p]arties cannot simply incorporate by reference arguments that they made to the trial court in their appellate brief." *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. Summit No. 28069, 2016-Ohio-7090, ¶ 14, fn. 1., citing *State v. Wright*, 9th Dist. Summit No. 18941, 1999 WL 420377, *1 (June 23, 1999) and *Children's Hosp. Med. Ctr. v. S. Lorain Merchants' Assn.*, 9th Dist. Summit No. 22881, 2006-Ohio-2407, ¶ 12. Accordingly, this Court also disregards Midview's first assignment of error because it failed to comply with App.R. 16(A)(7). *See* App.R. 12(A)(2).

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED IN STAYING DISCOVERY AND THEREBY PREVENTING MIDVIEW FROM DETERMINING IF THE [FACILITIES COMMISSION] ABUSED ITS DISCRETION UNDER R.C. 3318.042(B)(2).

{¶21} In its fourth assignment of error, Midview argues that the trial court erred when it stayed the discovery in this matter and then decided issues involving facts that Midview was precluded from investigating via discovery. Midview argues it was necessary to conduct discovery regarding whether the Facilities Commission abused its discretion in denying Midview's request for additional funds pursuant to R.C. 3318.042(B)(2). This Court disagrees.

{¶22} "'Ohio policy favors the fullest opportunity to complete discovery.'" *Sliwinski v. Village at St. Edward*, 9th Dist. Summit No. 24967, 2010-Ohio-3006, ¶ 33 (Belfance, J. concurring in part and dissenting in part), quoting *Stegawski v. Cleveland Anesthesia Group, Inc.*, 37 Ohio App.3d 78, 85 (8th Dist.1987). The trial court, however, has "broad discretion in

controlling the scope and extent of discovery." *Wooster Products, Inc. v. Magna-Tek, Inc.*, 9th Dist. Wayne No. 2462, 1990 WL 51973, *4 (Apr. 25, 1990), citing *Stegawski* at 85.

**{¶23}** An appellate court will reverse a trial court's decision prohibiting discovery if such decision is improvident and affects the discovering party's substantial rights. *See Stegawski* at 86, quoting *Rossman v. Rossman*, 47 Ohio App.2d 103, 110 (8th Dist.1975). However, that is not the case here.

**{¶24}** The record reflects during the March 10, 2016 pretrial "[t]he parties agreed and the court concurred that the pending matters are issues of law only. Therefore, discovery will be stayed." Midview argued in its summary judgment brief and its reply that no discovery was needed to decide the summary judgment briefs. The stay only impacted Midview's summary judgment motion.

**{¶25}** For the first time on appeal, Midview challenges the stay of discovery as it pertains to the trial court's finding that R.C. 3318.042(B)(2) is discretionary and does not create a duty. However, a review of Midview's summary judgment brief reflects it twice conceded that R.C. 3318.042(B)(2) is discretionary. Midview argued:

> Thus, subdivision (1) makes consideration by the [Facilities Commission] mandatory when additional work is needed to correct an oversight or defective condition on the Project, and *subdivision (2)* provides the [Facilities Commission] with the *discretion* to make changes to the Project when the [Facilities Commission] merely deems it appropriate. * * * To interpret subdivision (1) of R.C. 3318.042(B) as requiring anything but mandatory consideration from the [Facilities Commission] would render subdivision (1) ineffective surplusage, because *subdivision (2)* provides [the Facilities Commission] with the *option of discretionary consideration*.

(Emphasis added.) Based on Midview's stance that R.C. 3318.042(B)(2) was discretionary, it only sought summary judgment pursuant to R.C. 3318.042(B)(1). Since Midview did not seek summary judgment under R.C. 3318.042(B)(2), there was no harm to Midview by the stay of

discovery on that issue. Additionally, Midview has waived any arguments regarding abuse of discretion under R.C. 3318.042(B)(2). "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12.

{¶26} For the foregoing reasons, the trial court's decision staying discovery was not improvident and did not affect Midview's substantial rights. *See Stegawski*, 37 Ohio App.3d at 86. Midview's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 8

THE TRIAL COURT ERRED IN FAILING TO DECLARE THAT (i) THE [FACILITIES COMMISSION] HAS UNLAWFULLY FAILED TO ASSESS THE TOTAL CLASSROOM FACILITIES NEEDS OF [MIDVIEW;] (ii) THE [FACILITIES COMMISSION] HAS UNLAWFULLY FAILED TO INCLUDE THE DEFECTS AT THE THREE ELEMENTARY SCHOOLS IN THE ASSESSMENT OF THE CLASSROOM FACILITIES NEEDS OF [MIDVIEW]; [AND] (iii) THE [FACILITIES COMMISSION] HAS UNLAWFULLY FAILED TO PROVIDE THE STATE'S SHARE OF THOSE CLASSROOM FACILITIES NEEDS TO THE PROJECT CONSTRUCTION FUND, INCLUDING THE CORRECTION OF THE DEFECTS.

{¶27} In its eighth assignment of error, Midview asserts that the trial court failed to make the requested declarations. Midview defined declaratory judgment and its purpose, but failed to provide any analysis as to why it was entitled to the declarations. Instead, Midview stated, "[t]he extent of the [Facilities Commission's] constitutional and statutory obligations under R.C. 3318.36 and 3318.042 are set forth in detail above and as referenced in Midview's [m]otion for [s]ummary [j]udgment. For purposes of brevity and page limitations, Midview incorporates those arguments herein."

{¶28} As addressed in the first assignment of error, a party may not incorporate its summary judgment briefs and other materials filed in the trial court as a substitute for presenting

an argument in the appellate brief. *See Taylor*, 2016-Ohio-7090, at ¶ 14, fn. 1, citing *Wright*, 1999 WL 420377, at \*1 and *Children's Hosp. Med. Ctr.*, 2006-Ohio-2407, at ¶ 12.

**{¶29}** Similarly, a party may not incorporate the arguments contained in the other assignments of error to support a different assignment of error. *See State v. Feliciano*, 9th Dist. Lorain No. 09CA009595, 2010-Ohio-2809, ¶ 33; *see State v. Rafferty*, 9th Dist. Summit No. 26724, 2015-Ohio-1629, ¶ 130. By doing so, the appellant improperly asks this Court to extrapolate and apply its argument in a prior assignment of error. *See Baird Bros. Sawmill, Inc. v. Augusta Constr.*, 7th Dist. Mahoning No. 98-CA-152, 2000 WL 817068, \*8 (June 19, 2000). This approach also fails to satisfy the requirements that an appellant set forth a separate argument for each assignment of error. *See* App.R. 12(A)(2) and App.R. 16(A)(7). Accordingly, this Court declines to address Midview's eighth assignment of error because it does not comply with App.R. 16(A)(7). *See* App.R. 12(A)(2).

### ASSIGNMENT OF ERROR NO. 9

> THE TRIAL COURT ERRED IN FINDING THAT [MIDVIEW'S] ALTERNATIVE ACTION FOR EQUITABLE RESTITUTION SEEKS "MONEY DAMAGES" AGAINST THE STATE, AND AS A RESULT, THAT THE TRIAL COURT LACKED JURISDICTION.

**{¶30}** Relying solely on the law of the case doctrine, Midview argues that the trial court erred in finding its claim for equitable restitution "sounds in money damages" and dismissing it for lack of subject matter jurisdiction. Midview asserts that "[t]he issue of jurisdiction as it relates to the equitable restitution claim was previously resolved by this Court with finality" and the trial court cannot reach a different conclusion. This Court disagrees.

**{¶31}** The Ohio Supreme Court has held that the law of the case doctrine stands for the proposition that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing

levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). One purpose of this doctrine is "to compel trial courts to follow the mandates of reviewing courts." *Id.*; *compare Carson v. Terrah X Corp.*, 9th Dist. Summit No. 23659, 2007-Ohio-7030, ¶ 11 and *McDowell v. DeCarlo*, 9th Dist. Summit No. 23376, 2007-Ohio-1262, ¶ 13.

{¶32} *Midview I* contained the following footnote clarifying the scope of the opinion:

We note that as the trial court dismissed the complaint, it also dismissed Midview's claim for equitable restitution. None of Midview's assignments of error challenge that determination, and, thus, the propriety of that action is not before us.

*Id.*, 2015-Ohio-435, at ¶ 6, fn. 1. Per Midview's request in its motion for reconsideration, this Court struck the footnote in *Midview I*. *State ex rel. Midview Local School Dist. Bd. of Edn v. Ohio School Facilities Comm.*, 9th Dist. Lorain No. 14CA010596 (Sept. 28, 2015) ("*Midview I* Journal Entry"). Midview asserts that "[b]y striking [the footnote in *Midview I*], the Court of Appeals reversed and remanded all of Midview's claims back to the trial court, including equitable restitution," thereby rendering a decision with finality as to the trial court's subject matter jurisdiction on the equitable restitution claim. However, Midview focuses only on the language striking the footnote and ignores the sentence immediately following, which states: "Otherwise this Court's February 6, 2015 opinion remains unaltered." *Midview I* Journal Entry, at 2. Therefore, the deletion of the footnote did not change the overall decision in *Midview I*.

{¶33} *Midview I* clearly stated what claims were addressed on appeal:

In this appeal, we determine *only* that the trial court did have subject matter jurisdiction over Midview's *petition for a writ of mandamus* and *claim for declaratory judgment*. Accordingly, we reverse the trial court's dismissal of *those* claims.

(Emphasis added.) *Midview I* at ¶ 8. Contrary to Midview's position, *Midview I* did not conduct any analysis or make any determination as to the trial court's subject matter jurisdiction on the

equitable restitution claim. *See id*. at ¶ 10-19. Despite Midview's insistence, the trial court's dismissal of the equitable restitution claim for lack of subject matter jurisdiction was never reversed and remanded. *See id*. at ¶ 8, 20.

**{¶34}** Because this Court did not speak to the issue of subject matter jurisdiction as to the equitable restitution claim, there was no law of the case for the trial court to review, cite, and follow. *See Carson*, 2007-Ohio-7030, at ¶ 11; *see McDowell*, 2007-Ohio-1262, at ¶ 13. Without a prior mandate from this Court in *Midview I* regarding the issue of subject matter jurisdiction as to the equitable restitution claim, the law of the case doctrine has no applicability.

**{¶35}** Midview's ninth assignment of error is overruled.

III.

**{¶36}** Midview's fourth, fifth, and ninth assignments of error are overruled. This Court declines to address Midview's first, second, third, sixth, seventh, and eighth assignments of error. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
CONCURS.

HENSAL, P. J.
CONCURRING.

{¶37} Although I agree that the trial court correctly granted summary judgment to the Commission, I write separately because I believe Midview's brief complies with Appellate Rule 16(A)(7) and Local Rule 7(F). Accordingly, I would dispose of the assignments of error on their merits as follows.

{¶38} In its fifth assignment of error, Midview argues that the Commission has a statutory duty to pay part of the cost of repairing the roofs of the elementary schools. It argues that this duty arises from Revised Code Sections 3318.03, 3318.08, and 3318.042(C). As Midview notes, Section 3318.03 requires the Commission to determine the cost of the improvements that will be made during a project, which includes a reserve amount for unforeseen conditions that might arise during the execution of a school district's and the Commission's plan. The parties' July 2009 project agreement, however, was only for building a new middle school building. Roofing repairs at three elementary school buildings cannot be considered an unforeseen condition of constructing the middle school building. The

Commission, therefore, does not have a duty under Section 3318.03 to contribute to the roofing repair costs.

{¶39} Regarding Section 3318.08, Midview notes that the statute requires school districts to create a project construction fund. It also notes that, if the fund becomes depleted by proper project costs, both the school district and the Commission must contribute more funds to complete the project. Again, however, because the parties' project agreement only encompasses the construction of a middle school, elementary school roofing expenses would not be considered a proper project cost.

{¶40} Section 3318.042 does allow the Commission to provide additional assistance to a school district when work is identified later that was not part of the initial assessment of the district's needs or made part of the district's and Commission's plan. The repairs required at the Midview elementary schools fit this category. The language in Sections 3318.042(A) and (C), however, indicates that the Commission has discretion whether to provide additional assistance. Accordingly, I cannot say that Section 3318.042 puts the Commission "under a clear legal duty" to provide additional funding to Midview. *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). I, therefore, agree with the overruling of Midview's fifth assignment of error.

{¶41} In its fourth assignment of error, Midview, citing *Ohio Academy of Nursing Homes v. Ohio Department of Job and Family Services*, 114 Ohio St.3d 14, 2007-Ohio-2620, argues that it is entitled to mandamus relief even if the Commission had discretion to decide whether to provide additional assistance because the Commission's exercise of discretion was unreasonable, arbitrary, or unconscionable. In *Ohio Academy*, the Ohio Supreme Court recognized that, if "an agency's decision is discretionary and, by statute, not subject to direct appeal, a writ of mandamus is the sole vehicle to challenge the decision, by attempting to show

that the agency abused its discretion." *Id*. at ¶ 23. Midview, however, has not pointed to any statutory language specifically prohibiting it from appealing the Commission's decisions under Section 3318.042. Accordingly, *Ohio Academy* is inapplicable. To the extent that Midview argues that discovery was incorrectly stayed, I would conclude that, because Midview agreed to the stay, it has forfeited any error regarding the stay. I, therefore, agree that Midview's fourth assignment of error should be overruled.

{¶42} In light of Midview's failure to establish that the Commission has a duty to contribute to the cost of the elementary schools' roof repairs, I believe the trial court correctly granted summary judgment to the Commission on Midview's mandamus claim. Thus, any error that the trial court might have made with respect to Midview's second, third, sixth, and seventh assignments of error was harmless and must be disregarded under Civil Rule 61. I would overrule those assignments of error on that basis.

{¶43} Regarding Midview's first assignment of error, I agree with the majority that Midview cannot simply incorporate its motion for summary judgment into its brief. In its eighth assignment of error, Midview has argued that it was entitled to a declaration that the Commission failed to assess all of its classroom needs, that the Commission failed to include the defects in the three elementary school roofs in its assessment of Midview's needs, and that the Commission has unlawfully failed to provide its share of funding for all of Midview's needs. The record indicates that the Commission did an initial assessment of Midview's needs in 2000 and a revised assessment in 2008 or 2009. The new elementary schools did not exist in 2000, and Midview fully concurred and approved of the Commission's later facilities assessment report. There is no evidence in the record that anyone was aware there were problems with the elementary schools' roofs until two months after the parties entered into their July 2009 project

agreement. Accordingly, Midview has not established that the trial court incorrectly granted summary judgment to the Commission on Midview's declaratory judgment claims. I, therefore, would overrule Midview's first and eighth assignments of error.

{¶44} In its ninth assignment of error, Midview argues that this Court's previous decision determined that the trial court had jurisdiction over its equitable restitution claim. The trial court's original dismissal entry only concluded that it did not have jurisdiction over Midview's mandamus and declaratory judgment claims. The trial court did not write that it had no jurisdiction over Midview's equitable restitution claim at that time. This Court's previous decision also did not address Midview's equitable restitution claim. We only "sustain[ed] Midview's assignments of error on the basis that the trial court erred in concluding that it lacked subject matter jurisdiction over Midview's mandamus and declaratory judgment actions." *State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 9th Dist. Lorain No. 14CA010596, 2015-Ohio-435, ¶ 20. Accordingly, I agree with the lead opinion that the doctrine of law of the case did not bar the trial court's determination on remand that it lacked jurisdiction over Midview's equitable restitution claim. I agree that Midview's ninth assignment of error should be overruled.

APPEARANCES:

CHRISTOPHER L. MCCLOSKEY and TARIK M. KERSHAH, Attorneys at Law, for Appellant.

MICHAEL DEWINE, Attorney General, and LEE ANN RABE and JAMES E. ROOK, Assistant Attorneys General, for Appellees.